IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| HENRY CLIFFORD BYRD, SR., | Case No. 4:06CV00053 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| W. DAVID LLOYD, in his individual and official capacity, as an attorney of W. DAVID FLOYD LAW FIRM, sole proprietorship; and W. DAVID LLOYD LAW FIRM then doing business at 101 S. Elm Street, Greensboro, North Carolina | By: Jackson L. Kiser<br>Senior United States District Judge |
| Defendants. | |

Before me now is the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Defendant's Motion to Dismiss is **GRANTED**.

## I. STATEMENT OF THE CASE

The Superior Court of Guilford County, North Carolina, appointed the Defendant, W. David Lloyd ("Lloyd"), to represent the Plaintiff, Henry Clifford Byrd, Sr., ("Byrd"), in a criminal case pending before that Court. Byrd faced four counts of taking indecent liberties with a child. Lloyd represented Byrd from November of 1998 to May of 2000, when Lloyd entered a plea of guilty to the charges. The Court sentenced him to eighty-eight months in prison. In

1

January of 2006 Byrd finished that sentence.

Byrd claims that Lloyd colluded with the state prosecutor to fraudulently convince Byrd to accept the plea agreement. Apparently, Byrd alleges that Lloyd told him that once he entered his plea, the state would give him a chance to provide information about other criminal activity. If a lie detector test indicated that the information was truthful, then the state would allow him to withdraw his prior plea and enter a plea to just one of the charges. The state would presumably drop the remaining charges, and the judge would sentence Byrd to a twenty-two month sentence, which he had already served. Moreover, Byrd claims, the state would place him in the witness relocation program for his protection. After Byrd pled guilty, the state fulfilled none of these promises. Byrd insists that Lloyd knew that the state did not intend to keep these promises, relayed them to Byrd anyway, and knew that Byrd would detrimentally rely on them. Finally, Byrd asserts that Lloyd and the prosecutor fabricated some prior convictions on his record, which the North Carolina Court relied on when sentencing Byrd. As a result, he served an extended prison term.

## II.   PROCEDURAL BACKGROUND

On September 15, 2006, Byrd filed his complaint in this court against Lloyd and his former law firm, both residents of North Carolina. The complaint alleges six counts of various civil rights violations pursuant to 42 U.S.C. § 1983 (2006). The defendants maintain that this is the third time that Byrd has brought this lawsuit. According to the defendants, Byrd initially filed this suit in Guilford County Superior Court on May 16, 2002. Judge Henry E. Frye, Jr., of that court, dismissed the suit on December 2, 2002. The defendants also claim that Byrd filed again in the United States District Court for the Middle District of North Carolina on November

2

Case 4:06-cv-00053-JLK-mfu   Document 14   Filed 11/21/06   Page 2 of 7   Pageid#: 163

24, 2003. That suit met the same fate when Judge Frank W. Bullock, Jr. dismissed it on May 3, 2004.

The defendants filed a Motion to Dismiss Pursuant to Rule 12 on October 10, 2006. In that motion, they move to dismiss Byrd's claims pursuant to Rule 12(b)(6) on the grounds that they are time barred, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(B)(5) as a result of improper service. Byrd responded to the motion and filed a Motion to Strike Pursuant to Rule 12(f) on October 24, 2006.[1] The parties presented oral arguments on these motion on Friday, November 17, 2006 at 10:00 a.m. in Danville. Thus, the issue is now ripe for decision.

### III.   LEGAL STANDARD

When a party challenges the court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a court may resolve the dispute in one of two ways. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). First, when the jurisdictional dispute rests on factual disagreements, the court may hold an evidentiary hearing, at which the plaintiff must prove jurisdiction through a preponderance of the evidence. *Mylan Laboratories, Inc. v. Azko, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The court may also decide the dispute by referencing the motions, supporting briefs, and complaint. *Combs*, 886 F.2d at 676. Under the second method, the plaintiff need only produce a prima facie showing of jurisdiction. *Id*. Additionally, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume

---

[1] Byrd's response is essentially a reply to Lloyd's motion and he does not coherently argue that Lloyd's motion is insufficient, redundant, immaterial, impertinent, or scandalous, as required under Rule 12(f). Therefore, I will treat his filing as a response for the purpose of this opinion.

3

credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* In this case, I believe that the second method is appropriate because the defendant's challenge to my jurisdiction does not rest on any disputed facts but only the allegations in the complaint.

## IV. DISCUSSION

Federal Rule of Civil Procedure 4(k) describes when a district court may exercise jurisdiction over the person of a defendant. Under Rule 4(k)(1)(A), a district court may exercise jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A) (2006). Normally, when a district court exercises this jurisdiction over an out of state defendant, the court must conduct a two step inquiry. *Branch Bank and Trust v. Engine Components, Inc.*, 394 F. Supp. 2d 859, 861 (S.D. W.Va. 2005). First, the court must determine whether the long arm statute of the forum state applies to the defendant. *Id.* Second, the court must decide if subjecting the defendant to the court's jurisdiction is consistent with constitutional due process. *Id.*

Virginia's long-arm statute sets forth ten actions which will subject an out of state defendant, such as Lloyd or his law firm, to a Virginia court's jurisdiction. VA. CODE. ANN. § 8.01-328.1 (2000). The Supreme Court of Virginia has found it "manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999). To satisfy the Due Process Clause of the Fourteenth Amendment, "a defendant must have certain minimum contacts with the forum state such that maintenance of a suit does not

4

offend traditional notions of fair play and substantial justice."[2]  *Barry v. Whalen*, 796 F. Supp. 885, 890 (E.D.Va.. 1992).  In this case, Byrd's complaint does not allege any contact between Lloyd or his former law firm and Virginia.  Therefore, the complaint does not state sufficient facts to create a prima facie showing of jurisdiction under the long arm statute or the due process clause.  Consequently, Byrd cannot show that either defendant would be subject to the Virginia long arm statute, and I do not need to proceed to the second step of the analysis.

None of the other provisions of Rule 4(k) appear to support jurisdiction in this case. Rules 4(k)(1)(B) and © authorize jurisdiction when a party has been joined under Rule 14 or 19 or is subject to federal interpleader jurisdiction under 28 U.S.C. §1335 (2006).  In this case, neither of the defendants satisfy those criteria.  Rule 4(k)(1)(D) permits a district court to exercise jurisdiction over a party when a statute of the United States authorizes nation-wide service of process for a given cause of action.  That rule does not apply to this case because no statute of the United States authorizes nation-wide service of a summons for § 1983 actions. *Safeguard Mut. Ins. Co. v. Maxwell*, 53 F.R.D. 116, 117 (E.D. Pa. 1971).  Finally, Rule 4(k)(2)

---

[2]An interesting question exists concerning whether a district court's exercise of jurisdiction must be consistent with the Fifth Amendment or Fourteenth Amendment's Due Process Clause in federal question cases, such as this one.  *Compare Handley v. Indiana & Michigan Elec. Co.*, 732 F.2d 1265, 1271 (6th Cir. 1984) (Fifth Amendment) *with DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir. 1981) (Fourteenth Amendment).  The Fourth Circuit has determined, in an unpublished decision, that a district court should probably apply the Due Process Clause of the Fifth Amendment in the second part of the jurisdictional analysis in a federal question case.  *Autoscribe Corp. v. Goldman and Steinberg*, No. 94-1749, 1995 WL 56662 at *3–*4 (4th Cir. Feb. 3, 1995).  However, the Court also noted that when a state, like Virginia, has concluded that its long arm statute is co-extensive with the Fourteenth Amendment, the district court should also determine whether jurisdiction comports with the Due Process Clause of the Fourteenth Amendment during the first step of the analysis.  *Id*. at *4. Because I find that jurisdiction in this case is not consistent with the Due Process Clause of the Fourteenth Amendment and the terms of the long arm statute, I need not consider whether it would similarly satisfy the Due Process Clause of the Fifth Amendment.

5

creates jurisdiction over a defendant when the exercise of jurisdiction is consistent with the Constitution even though the defendant is not subject to the jurisdiction of the courts of general jurisdiction in any one state. This provision does not apply to this case because the defendants are clearly subject to North Carolina's jurisdiction.

Byrd argues that I have jurisdiction because he based his claims on federal statutes and does not rely on common law or state law. Byrd's position rests on a fundamental misunderstanding of the difference between personal and subject matter jurisdiction. The United States Supreme Court has distinguished the two concepts in the following manner: "Subject-matter jurisdiction defines the court's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *U.S. v. Morton*, 467 U.S. 822, 828 (1984). Thus, Byrd's argument that I have jurisdiction because his claims are based on federal statutes supports the conclusion that I have subject matter jurisdiction over his claims. 18 U.S.C. § 1331 (2006). However, those arguments simply do not relate to the question of personal jurisdiction. As discussed above, that question does not turn on the types of claims asserted but rather the connection between the defendant and the forum state. Because Byrd has failed to show any connection between the defendants and Virginia, this case must be dismissed for want of personal jurisdiction.[3] Because I have found that I do not have personal jurisdiction over the defendants, I do not need to consider their remaining grounds for their motion to dismiss.

---

[3]Byrd also claims that Lloyd's defenses are barred by equitable and promissary estoppel. However, even if these were valid doctrines in Virginia, Byrd has shown no facts that would support this allegation.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be **GRANTED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk will be further directed to strike this case from the active docket of this Court.

ENTERED this 21st day of November, 2006.

s/Jackson L. Kiser
Senior United States District Judge

7